FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -8  PM 4:05

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE ALFORD #97707     CIVIL ACTION

versus     NO. 05-1949

WARDEN JERRY GOODWIN,     SECTION: "S" (3)
DAVID WADE CORRECTIONAL CENTER

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).



Petitioner, Lawrence Alford, is a state prisoner incarcerated at the David Wade Correctional Center, Homer, Louisiana. On February 4, 1994, he was found guilty of attempted armed robbery and attempted simple robbery.[2] On March 3, 1994, he filed with the state district court a motion in arrest of judgment;[3] however, the court failed to rule on that motion. On March 11, 1994, he was sentenced on the attempted armed robbery conviction to a term of twenty years imprisonment and on the attempted simple robbery conviction to a term of three and one-half years imprisonment. It was ordered that the sentences run consecutively.[4] At the time of sentencing, defense counsel made an oral motion for appeal.[5]

On May 19, 1994, in response to a writ application filed by petitioner, the Louisiana Fourth Circuit Court of Appeal vacated his sentences and ordered the trial court to rule on his motion in arrest of judgment, resentence him, and grant his timely oral motion for appeal.[6] On March 8, 1995, the state district court granted the oral motion for appeal and appointed appellate counsel.[7] However, the Louisiana Fourth Circuit Court of Appeal subsequently vacated that March 8 order because the trial court had not yet ruled on the pending motion in arrest of judgment and resentenced

---

[2] State Rec., Vol. IV of VII, transcript of February 2-4, 1994, p. 240; State Rec., Vol. I of VII, minute entry dated February 2, 1994; State Rec., Vol. III of VII, jury verdict forms.

[3] State Rec., Vol. I of VII.

[4] State Rec., Vol. IV of VII, transcript of March 11, 1994; State Rec., Vol. I of VII, minute entry dated March 11, 1994. The trial judge also imposed a $1,500 fine which he then suspended.

[5] State Rec., Vol. I of VII, minute entry dated March 11, 1994.

[6] State v. Alford, No. 94-K-0488 (La. App. 4th Cir. May 19, 1994) (unpublished); State Rec., Vol. I of VII.

[7] State Rec., Vol. I of VII, minute entry dated March 8, 1995.

petitioner. The trial court was then again ordered to rule on his motion, resentence him, grant the motion for appeal, appoint counsel, and set a return date.[8] On July 25, 1995, the state district court denied the motion in arrest of judgment.[9] On May 14, 1996, the state district court resentenced petitioner on the attempted armed robbery conviction to a term of twenty years imprisonment, without benefit of probation, parole, or suspension of sentence, and on the attempted simple robbery conviction to a term of three and one-half years imprisonment. It was ordered that the sentences run concurrently and that petitioner be given credit for time served.[10] The court also granted an appeal, appointed counsel, and set a return date as ordered.[11] On October 21, 1998, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[12] In the year 2000, he filed with the Louisiana Supreme Court an untimely application for a writ of review[13] which was denied on December 15, 2000.[14]

---

[8] State v. Alford, No. 95-K-0051 (La. App. 4th Cir. May 26, 1995); State Rec., Vol. I of VII.

[9] State Rec., Vol. I of VII, minute entry dated July 25, 1995.

[10] State Rec., Vol. IV of VII, transcript of May 14, 1996; State Rec., Vol. II of VII, minute entry dated May 14, 1996. The trial judge also again imposed a $1,500 fine which was suspended.

[11] State Rec., Vol. IV of VII, transcript of May 14, 1996; State Rec., Vol. II of VII, minute entry dated May 14, 1996.

[12] State v. Alford, No. 97-KA-0160 (La. App. 4th Cir. Oct. 21, 1998) (unpublished); State Rec., Vol. I of VII.

[13] State Rec., Vol. VII of VII.

[14] State ex rel. Alford v. State, 777 So.2d 479 (La. 2000) (No. 2000-KH-1056); State Rec., Vol. IV of VII.

On or after September 24, 2001, petitioner filed with the state district court an application for post-conviction relief.[15] That application was denied on December 3, 2001.[16] He next filed with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ[17] which was denied on March 14, 2002.[18] He then filed with the Louisiana Supreme Court an untimely application for a writ of review[19] which was denied on May 2, 2003.[20]

On or after August 19, 2003, petitioner allegedly filed with the state district court a second application for post-conviction relief.[21] When the state district court failed to respond to that application, he filed with the Louisiana Fourth Circuit Court of Appeal an application for supervisory writ[22] which was denied on February 5, 2004.[23] Petitioner then filed with the intermediate appellate

---

[15] State Rec., Vol. I of VII. Petitioner signed the application on September 24, 2001; therefore, it could not have been filed prior to that date.

[16] State Rec., Vol. I of VII, Judgment on Application for Post-Conviction Relief.

[17] State Rec., Vol. VI of VII.

[18] State v. Alford, No. 2002-K-0181 (La. App. 4th Cir. Mar. 14, 2002) (unpublished); State Rec., Vol. VI of VII.

[19] State Rec., Vol. VI of VII.

[20] State ex rel. Alford v. State, 842 So.2d 1092 (La. 2003) (No. 2002-KH-1432); State Rec., Vol. VI of VII.

[21] State Rec., Vol. VII of VII. Petitioner signed the application on August 19, 2003; therefore, it could not have been filed prior to that date.

[22] State Rec., Vol. VII of VII.

[23] State v. Alford, No. 2003-K-2237 (La. App. 4th Cir. Feb. 5, 2004) (unpublished); State Rec., Vol. VII of VII.

court another application,[24] which was construed as an application for rehearing and denied on April 26, 2004.[25] The related writ application which petitioner filed with the Louisiana Supreme Court[26] was denied on March 25, 2005.[27]

On April 21, 2005, petitioner filed this federal application for *habeas corpus* relief.[28] In support of his application, petitioner claims that the state withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

The state argues that petitioner's federal application is untimely.[29] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[24] State Rec., Vol. VII of VII.

[25] State v. Alford, No. 2004-K-0372 (La. App. 4th Cir. Apr. 26, 2004) (unpublished); State Rec., Vol. VII of VII.

[26] State Rec., Vol. VII of VII.

[27] State *ex rel.* Alford v. State, 896 So.2d 1030 (La. 2005) (No. 2004-KH-1380); State Rec., Vol. VII of VII.

[28] Rec. Doc. 1.

[29] Rec. Doc. 15.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The state argues that § 2244(d)(1)(A) is applicable in the instant case. Arguably, however, for the reasons more fully explained below, § 2244(d)(1)(D) may be applicable.[30] Nevertheless, in the instant case, it does not matter which subsection is applied, because petitioner's application is untimely under both § 2244(d)(1)(A) and § 2244(d)(1)(D).

## 28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), the timeliness of a federal *habeas corpus* application is determined with reference to the date on which a state court conviction became final. Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

On October 21, 1998, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[31] Pursuant to Louisiana Supreme Court Rule X, § 5(a), he had thirty days, i.e. until November 20, 1998, to seek timely review of the intermediate appellate

---

[30] Petitioner does not mention § 2244(d)(1)(D), but rather argues that his claim is based on newly discovered evidence. Therefore, out of an abundance of caution, the Court will consider the applicability of that section.

[31] State v. Alford, No. 97-KA-0160 (La. App. 4th Cir. Oct. 21, 1998) (unpublished); State Rec., Vol. I of VII.

court's decision by filing a writ application in the Louisiana Supreme Court. Petitioner filed no writ application by that deadline. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period that petitioner had to file his application for federal *habeas corpus* relief commenced on November 20, 1998.

The Court notes for the record that well over a year later, in the year 2000, petitioner did subsequently file a Louisiana Supreme Court writ application.[32] However, Louisiana Supreme Court Rule X, § 5(a) expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Because the record reflects that petitioner's writ application clearly could not have been filed by the deadline of November 20, 1998,[33] that untimely writ application does not affect the finality date of petitioner's conviction. Moreover, the United States Fifth Circuit Court of Appeals has made it clear that once the federal statute of limitations has validly commenced, it cannot be "restarted" by collateral state court action.[34]

---

[32] State Rec., Vol. VII of VII.

[33] The record reflects that petitioner dated his writ application January 5, 2000. State Rec., Vol. VII of VII. Moreover, the writ application was mailed to the Louisiana Supreme Court in an envelope metered on March 29, 2000, and stamped as received by that court on March 30, 2000. State Rec., Vol. VII of VII. In that all of those dates fell well after the deadline, the writ application clearly could not have been received for filing on or before the deadline.

[34] The Fifth Circuit held:

> On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the

For the foregoing reasons, if 28 U.S.C. § 2244(d)(1)(A) is applicable, the Court finds that the one-year period that petitioner had to file his application for federal *habeas corpus* relief commenced on November 20, 1998, and expired on November 22, 1999,[35] unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, from November 20, 1998, through November 22, 1999, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.[36]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably

---

pendency of state collateral review. *See* § 2244(d)(2).

Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir.), cert. denied, 541 U.S. 1032 (2004).

[35] Because November 20, 1999, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, November 22. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

[36] Although petitioner later filed post-conviction applications in the state courts, applications filed after the expiration of the AEDPA's one-year statute of limitations have no bearing on the timeliness of a petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

For the foregoing reasons, petitioner's federal application for *habeas corpus* relief had to be filed on or before November 22, 1999, in order to be timely. Petitioner's federal application was not filed until April 21, 2005,[37] and it is therefore untimely under 28 U.S.C. § 2244(d)(1)(A).

## 28 U.S.C. § 2244(d)(1)(D)

As noted, the exception found at 28 U.S.C. § 2244(d)(1)(D) delays the commencement of the AEDPA's statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the instant case, petitioner's claim is based on a purportedly exculpatory police report allegedly withheld from the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner argues that he did not learn of the existence of the report until he reviewed the district attorney's file.

---

[37] Petitioner signed his federal *habeas corpus* application on April 21, 2005. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

However, even if the police report serves as the "factual predicate" for petitioner's claim and § 2244(d)(1)(D) would be applicable, that does not necessarily aid petitioner. Under that provision, the statute of limitations runs not from when the factual predicate *was in fact discovered*, but rather from the point in time at which it *"could have been discovered through the exercise of due diligence."* 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Therefore, even if the document on which petitioner relies could have been discovered only through a review of the district attorney's file, the Court must determine when that file *could have been obtained* through the exercise of due diligence. That answer is provided by state law.

The Louisiana Public Records Law provides that a district attorney's file is not subject to disclosure as a public record until the underlying criminal litigation is "finally adjudicated or otherwise settled." La.Rev.Stat.Ann. § 44:3(A)(1). "In the context of § 3(A)(1), instituted criminal litigation is 'finally adjudicated' when the conviction becomes final (Art. 922) or is 'otherwise settled' either by dismissal or by nolle prosse of the formal accusation of the DA." Harrison v. Norris, 569 So.2d 585, 589 (La. App. 2d Cir. 1990) (emphasis omitted); see also Wallace v. Ware, 657 So.2d 734, 737 (La. App. 1st Cir. 1995) ("[A] criminal defendant cannot be denied access to his criminal files after his conviction becomes final.") The possibility that a convicted person may still seek post-conviction relief has no effect on § 3(A)(1). "Post conviction relief ... is not 'criminal litigation' within the meaning of the Public Records Act." Lemmon v. Connick, 590 So.2d 574, 575 (La. 1991) (per curiam).

As noted, Louisiana courts look to La.C.Cr.P. art. 922 to determine when criminal litigation is "finally adjudicated." See Harrison, 569 So.2d at 589 and 592. Under art. 922(B),

petitioner's convictions and sentences became final on November 4, 1998, fourteen days after they were affirmed by the Louisiana Fourth Circuit Court of Appeal. It was at that point that petitioner could have obtained the district attorney's file through a public records request and discovered the factual predicate of his instant claim through due diligence. However, from that point, petitioner allowed well over a year to elapse before he either filed his federal application or tolled the statute of limitations by properly filing an application for state post-conviction relief or other collateral review. Therefore, even if § 2244(d)(1)(D) is applicable, it is of no assistance to petitioner.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Lawrence Alford be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of February, 2006.

                                                DANIEL E. KNOWLES, III
                                                **UNITED STATES MAGISTRATE JUDGE**